IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAMIEN GREEN,

                     Plaintiff,

v.

CASSANDRA BAIER, *et al.*,

                     Defendants.

OPINION and ORDER

24-cv-450-jdp

---

      Plaintiff Damien Green, representing himself, alleges that staff at Green Bay Correctional Institution have failed to provide adequate medical care for his foot and urological problems in violation of his Eighth Amendment rights. Dkt. 2 at 6. A telephonic preliminary pretrial conference is scheduled in this matter for August 25, 2025 at 3:30 p.m. This order addresses Green's motion to stay, Dkt. 37, and his renewed motion for assistance in recruiting counsel, Dkt. 40.[1]

ANALYSIS

**A. Motion to stay, Dkt. 37**

      Green captioned this motion as a motion for a stay, but the contents only inform the court that Green will be released on August 19, 2025 and will update the court with his new address as soon as he learns where he will be living.

---

[1] Green has also filed a letter to defense counsel requesting settlement and a document that appears to be an incident report. Dkts. 38 & 39. The court will take no action on either. The court generally does not order parties to mediate—if all parties agree that mediation would be helpful, they may contact Magistrate Judge Andrew Wiseman via the clerk's office. As for the incident report, it is not clear why Green filed it in this case; he may clarify the purpose of this filing at the preliminary pretrial conference.

I acknowledge Green's notice of his impending release, but I will not stay this case simply because Green is no longer incarcerated. Because Green will presumably remain under state supervision after his release, defendants may have until August 20, 2025, to notify the court how Green may connect to the telephonic preliminary pretrial conference through his transitional housing, his parole agent, or other means.

If Green will not remain under state supervision, it will be his responsibility to call in to the conference using the call-in information below.

**B. Motion for assistance in recruiting counsel, Dkt. 40**

Green renews his request for counsel, stating that this case involves medical evidence he "lack[s] knowledge of" and that he is generally unable to effectively present his arguments. Dkt. 40 at 3–4. He has met the requirements of financial indigency and of attempting to find a lawyer on his own. *See* Dkt. 31 at 3 & Dkts. 40-1, 40-2, & 40-3.

But as I explained in my previous order, it is far too early to tell whether this case is one of the relatively few in which it is necessary to recruit counsel. Dkt. 31 at 4. Indeed, the court has not yet held its preliminary pretrial conference with the parties, the case schedule has not yet been set, and discovery has not yet begun—there are no legal tasks for Green to complete right now. Regardless, Green's limited knowledge of the law is a common impediment for prisoners litigating in this court, and his filings so far do not suggest that his abilities are below those of the hundreds of plaintiffs who bring cases in this court each year, including medical care cases, without the aid of counsel or any legal or medical expertise.

In support of his request, Green analogizes his case to that in this court of Jerry Saenz, Case no. 13-cv-697-bbc. In that case, the court recruited counsel for the plaintiff after the parties litigated a motion for partial summary judgment based on plaintiff's failure to exhaust

2

administrative remedies "in light of the Count of Appeals recent (unpublished) opinion in *Garner v. Sumnicht*." Case No. 13-cv-697-bbc, Dkt. 14 at 1. The Court of Appeals for the Seventh Circuit held in *Garner* that although the district court had misunderstood the plaintiff to be requesting a lawyer only for trial, the district court should have tried to help the plaintiff recruit a lawyer before trial based on the plaintiff's "mental limitations" and because the plaintiff appeared to be unable to present a case dependent on medical evidence. *Garner v. Sumnicht*, 554 F. App'x 500, 501–502 (7th Cir. 2014). But both cases are distinguishable in that Saenz had passed the summary-judgment-on-exhaustion phase before the court recruited counsel and the *Garner* court was concerned with the plaintiff's ability to present a possibly meritorious medical care claim at summary judgment — as noted above, discovery has not even opened in this case.

I will deny Green's motion without prejudice. This means that he can renew it after discovery begins if his circumstances change and he continues to believe that he is unable to litigate this lawsuit himself. If he refiles his motion, he will need to explain what specific legal tasks he is unable to accomplish and why.

ORDER

IT IS ORDERED that:

1. Plaintiff Damien Green's motion to stay, Dkt. 37, is DENIED.

2. Defendants have until August 20, 2025, to notify the court in writing how Green may connect to the telephonic preliminary pretrial conference through his transitional housing, his parole agent, or other means. If Green will not remain under state supervision upon his release, it will be his responsibility to call in to the August 25, 2025 preliminary pretrial conference by calling (669) 254-5252 and entering meeting ID 161 2455 6623 when prompted. He must then wait to be admitted into the conference.

3. Plaintiff's motion for assistance in recruiting counsel, Dkt. 40, is DENIED without prejudice.

Entered August 5, 2025.

BY THE COURT:

/s/

_____

ANITA MARIE BOOR
Magistrate Judge
